UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

BRENDAN K. COCHRANE,

                Plaintiff,

-against-

DIRECTORS GUILD OF AMERICA; PARIS BARCLAY; RUSSELL HOLLANDER; REBECCA RHINE; JOHN KROKIDAS; BREANNAH OPPENHUIZEN,

                Defendants.

25-CV-1541 (JAV)

ORDER OF SERVICE

---

JEANNETTE A. VARGAS, United States District Judge:

    Plaintiff brings this action, *pro se*, under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2000e-17; the National Labor Relations Act, 29 U.S.C. §§ 151-169; the Sherman Act, 15 U.S.C. § 1; and the U.S. Constitution. The Court construes the complaint as also asserting a claim under 42 U.S.C. § 1981. Plaintiff alleges that the Directors Guild of America ("DGA") discriminated against him based on his race and sex. He names as Defendants DGA, DGA Director Paris Barclay, DGA National Executive Director Russell Hollander, DGA Associate National Executive Director Rebecca Rhine, DGA employee John Krokidas, and DGA Executive in Charge of Diversity Breannah Oppenhuizen.

    By order dated March 3, 2025, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"). As set forth in this order, the Court directs service on Defendants and denies Plaintiff's "proposed order to show cause for preliminary injunction and temporary restraining order."

## DISCUSSION

A.   **Order of Service**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[1] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on Defendants through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for Defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendants.

If the complaint is not served within 90 days after the date summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

---

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that any summonses be issued. The Court therefore extends the time to serve until 90 days after the date any summonses issue.

B.   **Order of Show Cause**

Plaintiff has also requested that the Court issue an order to show cause why a preliminary injunction and a temporary restraining order should not be issued against the DGA, requiring the DGA to cease and desist from "discriminatory employment practices and practices that violate Title VII of the Civil Rights Act of 1964, Equal Protection under the 14th Amendment, creative rights free market principles, and transparency requirements in their hiring and development programs, as well as the wrongful exploitation of Plaintiff's creative rights." ECF No. 9 at 1. To obtain such relief, Plaintiff must show: (1) that he is likely to suffer irreparable harm and (2) either (a) a likelihood of success on the merits of his case or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in his favor. *See UBS Fin. Servs., Inc. v. W.V. Univ. Hosps., Inc.*, 660 F.3d 643, 648 (2d Cir. 2011) (citation and internal quotation marks omitted); *Wright v. Giuliani*, 230 F.3d 543, 547 (2d Cir. 2000). Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (internal quotation marks and citation omitted).

"A showing of irreparable harm is the 'single most important prerequisite for the issuance of a preliminary injunction.'" *Faiveley Transport Malmo AB v. Wabtec Corp.*, 559 F.3d 110, 118 (2d Cir. 2009) (citation omitted). Plaintiff's submission does not demonstrate that he is likely to suffer irreparable harm in the absence of injunctive relief. In support of his motion, Plaintiff vaguely alleges that DGA has "implemented restrictive hiring and development practices," in violation of Title VII. ECF No. 9 at 1-2. But it is well-established that where an award of monetary damages could remedy the alleged violation, the irreparable harm standard is not met. *Faiveley*, 559 F.3d at 118. For that reason, "the loss of an employment opportunity is generally

3

not an irreparable harm justifying a preliminary injunction." *Talukder v. New York State Dep't of Corr. & Cmty. Supervision*, No. 22-CV-1452 (RA), 2023 WL 3675920, at *5 (S.D.N.Y. May 26, 2023). Similarly, any claim of lost revenues stemming from the distribution of his film would likely be compensable through monetary damages.

Plaintiff's motion also fails in that he has not demonstrated at this stage that he is likely to prevail on the merits of his claim. He has not specified any specific employment opportunities that he lost as a result of the alleged discriminatory actions by the DGA, as he must to prevail on a Title VII claim. *See, e.g., Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 85 (2d Cir. 2015) (To establish a violation of Title VII, plaintiff must demonstrate that an employer took an "adverse employment action against him"). Indeed, it is not clear from the Complaint that Plaintiff was ever an employee of the DGA, or ever sought employment from the DGA. Instead, the Complaint indicates that Plaintiff is a member of the guild. As to Plaintiff's Constitutional claims, there is no allegation of government action. *F.D.I.C. v. Meyer*, 510 U.S. 471, 480 (1994) ("[T]he Constitution generally does not restrict the conduct of private entities.").

Accordingly, Plaintiff's request for an order to show cause is denied.

## CONCLUSION

The Clerk of Court is instructed to issue a summons for each Defendant, complete the USM-285 form with the address for each Defendant, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Court denies Plaintiff's request for a proposed order to show cause.

The Clerk of Court is also directed to mail an information package to Plaintiff.

SO ORDERED.

Dated:   March 24, 2025
         New York, New York

_____
JEANNETTE A. VARGAS
United States District Judge

**SERVICE ADDRESS FOR EACH DEFENDANT**

1. Directors Guild of America
   110 West 57th Street
   New York, NY 10019

2. Director Paris Barclay
   Directors Guild of America
   110 West 57th Street
   New York, NY 10019

3. National Executive Director Russell Hollander
   Directors Guild of America
   110 West 57th Street
   New York, NY 10019

4. Associate National Executive Director Rebecca Rhine
   Directors Guild of America
   110 West 57th Street
   New York, NY 10019

5. John Krokidas
   Directors Guild of America
   110 West 57th Street
   New York, NY 10019

6. Breannah Oppenhuizen
   Directors Guild of America
   110 West 57th Street
   New York, NY 10019