UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                   :

BRENDAN K. COCHRANE, I,              :

                         :

                   Plaintiff,         :            25-CV-01541 (JAV)

                         :

         -v-                   :            <u>ORDER</u>

                         :

DIRECTORS GUILD OF AMERICA, PARIS   :
BARCLAY, RUSSELL HOLLANDER, REBECCA   :
RHINE, JOHN KROKIDAS, and BREANAH   :
OPPENHUIZEN                    :

                         :

                 Defendants.     :
-------------------------------------------------------------------X

JEANNETTE A. VARGAS, United States District Judge:

      On July 16, 2025, Defendants filed a Motion to Stay Discovery pending resolution of

Defendants' Motion to Dismiss the Amended Complaint (ECF No. 39). *See* ECF No. 42. In

their Motion to Dismiss, Defendants argue, *inter alia*, that *pro se* Plaintiff has failed to bring a

claim under Title VII of the Civil Rights Act, Section I of the Sherman Act, 15 U.S.C. § 1, and

the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. ¶¶ 1961-68. ECF No. 39 at

1-2. In light of the pending motion, Defendants contend that a stay of discovery is appropriate

because it would cause minimal prejudice to Plaintiffs, would spare Defendants the significant

burden of potentially broad discovery, and is supported by the strength of their dismissal

arguments.

      A motion to dismiss does not automatically stay discovery," and "discovery should not be

routinely stayed simply on the basis that a motion to dismiss has been filed." *Hong Leong*

*Finance Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013)

(citations omitted). Pursuant to Federal Rule of Civil Procedure 26(c)(1), "upon a showing of

good cause a district court has considerable discretion to stay discovery." *Id.* (quoting *Integrated Sys. & Power, Inc. v. Honeywell Int'l, Inc.*, 2009 WL 2777076, at *1 (S.D.N.Y. 2009)). "Good cause" is assessed through the application of the following three factors: "(1) whether a defendant has made a strong showing that the plaintiff's claim is unmeritorious, (2) the breadth of discovery and the burden of responding to it, and (3) the risk of unfair prejudice to the party opposing the stay." *Morien v. Munich Reins. Am., Inc.*, 270 F.R.D. 65, 67 (D. Conn. 2010); *Shulman v. Becker & Poliakoff, LLP*, No. 17-CV-9330 (VM)(JLC), 2018 WL 4938808, at *2 (S.D.N.Y. Oct. 11, 2018). "The burden of showing good cause . . . falls on the party seeking the order" for a stay of discovery. *Republic of Turkey v. Christie's, Inc.*, 316 F. Supp. 3d 675, 677 (S.D.N.Y. 2018) (citation omitted).

After considering the three factors that courts in this Circuit evaluate, the Court finds that there is good cause to stay discovery. The Court does not opine on the merits of the pending Motion to Dismiss but does recognize that Defendants raise substantial arguments that Plaintiff has failed to state his claims. In terms of the second factor, the breadth of discovery is likely voluminous. Plaintiff states in the Amended Complaint that he "seek[s] extensive discovery and depositions to illustrate a widespread pattern of data manipulation, misuse of guild funds and potential embezzlement, fraud, and money laundering." ECF No. 37 at 6 n.6. He also indicates his intent to conduct "forensic accounting." *Id.* at 11. If discovery is not stayed, the parties could engage in expensive litigation which could be rendered moot if the Court grants the Motion to Dismiss.

The last factor also weighs in favor of a stay. The litigation is still in its early stages as the Amended Complaint was filed on June 24, 2025, *see* ECF No. 37, and the remedy he seeks does not require immediate action, *see* ECF No. 16 at 3 ("[I]t is well-established that where an

award of monetary damages could remedy the alleged violation, the irreparable harm standard [for injunctive relief] is not met.").  The Court finds that Plaintiff will suffer no prejudice from a stay in discovery until the resolution of the motion to dismiss.

Accordingly, Defendants' Motion to Stay Discovery is GRANTED.  The Clerk of the Court is respectfully directed to terminate ECF No. 42.

SO ORDERED.

Dated: July 24, 2025
        New York, New York

_____
JEANNETTE A. VARGAS
United States District Judge